# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6896 | **DATE** | 2/5/2002 |
| **CASE TITLE** | NARESH KHETARPAL vs. HEMA MALINI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to vacate judgment and for other relief [39-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | FEB 07 2002 | |
| | Notices mailed by judge's staff. | date docketed | 43 |
| | Notified counsel by telephone. | CDH | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 02/06/02 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LG | courtroom deputy's initials | CDY | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NARESH KHETARPAL, a citizen of )
Illinois, and SUBHASH SALUJA, a )
citizen of Illinois, )
                                          )    Case No. 99 C 6896
        Plaintiffs,         )
                                          )    Hon. John W. Darrah
        v.                        )
                                          )
HEMA MALINI, a citizen of India,   )
                                          )
        Defendant.           )
                                          )

DOCKETED
FEB 07 2002

## MEMORANDUM OPINION AND ORDER

Defendant, Hema Malini, moves, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the default judgment entered against her. For the reasons that follow, Defendant's Motion to Vacate Judgment and For Other Relief [39-1] is denied.

## BACKGROUND

Plaintiffs, Naresh Khetarpal and Subhash Saluja ("Plaintiffs"), filed a complaint against Defendant, Hema Malini ("Defendant"), alleging breach of an oral agreement to perform in the United States in 1999. The complaint also alleged damages in excess of $75,000.

Defendant is an Indian dancer and theatrical performer who performs internationally. Defendant was served with the complaint in New York. Defendant filed various *pro se* pleadings in which she denied that there was any agreement with the Plaintiffs. On November 29, 2000, this Court ordered Defendant to appear for a deposition in Chicago, Illinois. Defendant did not appear; and, on February 5, 2001, Defendant was found to be in default.

H3

A default judgment was entered on March 28, 2001 in the amount of $154,400 plus costs. On November 20, 2001, Defendant filed a motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b).

## ANALYSIS

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment which it is based on has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"Relief from a judgment under Rule 60(b)(1) for mistake, inadvertence, surprise or excusable neglect is an extraordinary remedy and is granted only in exceptional circumstances." *Baran v. Schram (In re Schram)*, Nos. 00 A 00607, 00 B 10045, 2001 WL 837927, at *3 (Bankr. N.D. Ill. July 24, 2001) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). Where the failure to comply with a court order is attributable to the moving party's negligence, the appropriate standard is excusable neglect. *Koblosh v. Adelsick*, No. 95 C 5209, 1997 WL 159487, at *2 (N.D. Ill. Mar. 27, 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). Relief under Rule 60(b) is appropriate only when the moving party has shown that there are extraordinary circumstances creating a substantial danger that the underlying judgment was unjust. *Koblosh*, 1997 WL 159487, at *2 (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

In order to prevail on a motion to vacate under Rule 60(b), the moving party must show: "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citing *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

Defendant cannot establish good cause for her default. A bench trial was scheduled for January 8, 2001. On November 29, 2000, following notice and a hearing on Plaintiffs' motion to compel, Defendant was ordered to appear for a deposition on December 20, 2000. Defendant failed to comply with this Court's order to appear for a deposition scheduled for December 20, 2000, in Chicago, Illinois. On January 4, 2001, after notice was given to Defendant and she failed to appear, an order was entered barring her from presenting testimony in her defense as a sanction for failing to comply with the Court's November 29, 2000 order. Plaintiffs then filed a notice and motion for default and prove-up of damages on January 24, 2001. The defendant again failed to appear. The Court heard the testimony of a witness in support of Plaintiffs' complaint. A default judgment in the amount of $154,400 was entered against the Defendant on March 28, 2001.

More than seven months after judgment, Defendant filed the instant motion, alleging that she could not appear at the December 20, 2000 deposition due to her professional commitments in India. However, this fact does not excuse Defendant's noncompliance with this Court's order. This fact, if true, does not establish good cause for the default because Defendant could have moved the Court to vacate its order requiring her to appear on December 20, 2000, to reschedule the deposition to a time when she would be able to be present in the United States, or advised the Court of her predicament and requested some alternative arrangement. Defendant does not explain why she did

not take any of the steps mentioned above in a timely manner.

Defendant has also stated that she was unable to retain counsel in the United States because "she cannot instruct a lawyer/attorney to appear for her until she goes through the formality of obtaining permission from the Reserve Bank of India, for remitting foreign exchange in Dollars to an attorney in the United States." (Ans./Reply Compl. ¶ 10; Reply Mot. Default at 3.) However, this fact, likewise, does not establish good cause for the default. Defendant could have advised the Court of her difficulties and moved for a continuance so that she could secure the bank's permission and retain counsel in the United States. *See Jones*, 39 F.3d at 164 (holding good cause was not shown where defendant had adequate time to retain counsel and/or file a request for an extension of time).

"[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones*, 39 F.3d at 163 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Averhart v. Arrendondo*, 773 F.2d 919, 920 (7th Cir. 1985)). Defendant has not shown that there are extraordinary circumstances creating a substantial danger that the underlying judgment was unjust. *Koblosh*, 1997 WL 159487, at *2. Therefore, vacation of the default judgment against Defendant is not appropriate.

Because good cause for the default has not been shown and vacation is denied on that ground, the Court will not address whether there was quick action to correct the default or whether Defendant has a meritorious defense.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Vacate Judgment and For Other Relief [39-1] is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: Feb. 5, 2002